JOHN W. INGLES, APPELLANT, v. CHARLES F. GROTHE, APPELLEE.

FILED MARCH 16, 1911. No. 16,344.

Appeal: CONFLICTING EVIDENCE. In an action at law, where no question of law is involved, and the evidence is conflicting and so evenly balanced that it would be sufficient to sustain a judgment either way, the judgment of the district court will not be disturbed on appeal.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Hastings & Ireland* and *J. H. Grimm & Son,* for appellant.

*Price & Abbott, contra.*

FAWCETT, J.

Plaintiff alleges that he is the owner of the northeast quarter of section 9, township 7, range 3, in Saline county; that the defendant at many and divers times between October, 1905, and the 1st of November, 1907, "forcibly and illegally entered said premises, and without the consent of the plaintiff tore down and damaged his fences thereon, dug holes and ditches in the ground, ploughed, scraped and made embankments thereon, and hauled dirt and soil from said premises, and appropriated the same to his own use," to the great damage of plaintiff, etc. The answer is a general denial, coupled with the plea that defendant has an easement over plaintiff's land for a millrace used in connection with his water-power mill, and that all of the work done and soil removed was within the limits of said millrace, which defendant and his grantors have used for mill purposes ever since the year 1870. The reply admits the easement, but denies all the other allegations of the answer. A jury was waived, and trial had to the court. Defendant prevailed, and plaintiff appeals.

The case was tried in the district court upon the theory that defendant has an easement only for his millrace across plaintiff's land, and that he has no right to take the soil from plaintiff's land to repair his race upon other lands, but that within the limits of his race he can use the soil as he sees fit; and the contention, upon which a large amount of testimony was offered on each side, was as to the eastern or northern boundary of the race. If that boundary is as testified to by plaintiff and his witnesses, defendant was a trespasser, and plaintiff should have recovered. On the other hand if it is as testified to by

defendant and his witnesses, defendant was within the boundaries of his race, and the judgment of the district court is right. This is a law action. No controverted questions of law are involved. The evidence is in sharp conflict. As it appears in cold type in the record, it would sustain a judgment either way. The court saw the witnesses upon the stand, heard them testify, and in addition thereto personally viewed the premises. In such a case, we cannot substitute our judgment for that of the trial court.

The judgment of the district court is therefore

'AFFIRMED.

LETTON, J., not sitting.